Eastern District of Kentucky
**F I L E D**

APR 2 0 2015

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

ANTON WEISSMANN

        **Plaintiff**

vs.

CIVIL ACTION NO. 15-cv-54-WOB

CITY OF COVINGTON

AND

MICHAEL YEAGER

AND

LARISSA SIMS

        **Defendants**

---

## COMPLAINT WITH JURY DEMAND

---

1.     The Plaintiff, Anton Weissmann, was at all times referred to herein a resident of Franklin, Warren County, Ohio. The Plaintiff is an employee as defined by 42 U.S.C. §12111(4) and K.R.S. §342.640, and K.R.S.§344.030(5). The Plaintiff is a qualified individual as defined by 42 U.S.C.§12111(8) and a qualified individual with a disability as defined by K.R.S. §344.030(1).

2.    The Defendant, City of Covington, is a municipal corporation of the second class, duly organized under the laws of Kentucky. Defendant is an employer as defined by 42 U.S.C. §12111(5), K.R.S. §342.630, and K.R.S. §344.030(2).

3.    The Defendant Michael Yeager ("Yeager") is and all times herein was the City Engineer employed by the Defendant, City of Covington. Upon information and belief he is resident of Covington, Kenton County, Kentucky.

4.    The Defendant Larisa Sims ("Sims") is and all times herein was the Assistant City Manager for Development employed by the Defendant, City of Covington. Upon information and belief she is a resident of Covington, Kenton County, Kentucky.

5.    The Plaintiff was employed by Defendant City of Covington as a Code Enforcement Supervisor from December 12, 2012 until February 7, 2014.

6.    On October 17, 2013 the Plaintiff suffered severe injuries in the course and scope of his employment with the Defendant City of Covington. The Plaintiff severely injured his head, his back, and both shoulders.

7.    The Plaintiff pursued and received Kentucky workers' compensation benefits from the Defendant City of Covington as a result of his injuries. At all relevant times herein, the Defendants were aware the Plaintiff was pursuing and receiving Kentucky workers compensation benefits.

8.    The Plaintiff's injuries resulted in physical and mental impairments that substantially limit his ability to work, walk, stand, sit, think, perform manual tasks, lift, bend, and operate a motor vehicle. At all relevant times herein, the Defendants were aware of the Plaintiff's injuries, and the obvious physical and mental impairments that resulted from his work related fall.

2

9.     Following his injuries, the Plaintiff was ordered by his physicians to remain off of work. Yeager and Sims informed the Plaintiff they needed him at work. The Plaintiff attempted to work, in excruciating pain, two to three days per week. The Plaintiff was able to perform the essential functions of his job.

10.    Prior to suffering his injuries the Plaintiff was wrongfully accused of engaging in sexual harassment of female co-workers, specifically inappropriate comments. During the investigation of these allegations, the Plaintiff vehemently denied any inappropriate behavior and in fact resigned in or about April 2013 from his position out of disgust that such accusations would be levied against him. Yeager, Sims, and Covington Mayor Sherry Carran all contacted the Plaintiff and convinced the Plaintiff to withdraw his resignation, acknowledged the allegations had no merit, informed the Plaintiff the investigation would "go away" and not affect him in the future, and convinced the Plaintiff to resume his duties. The Plaintiff returned to work, without consequence, after approximately ten days from the date he resigned.

11.    Prior to suffering his injuries the Plaintiff was not otherwise disciplined by Defendant. Nevertheless, the Defendant, by and through employees Yeager and Sims, created an "Employee Improvement Plan" indicating a meeting was held on September 11, 2013 attended by Sims, Yeager, and the Plaintiff. The Plaintiff was not present for any meeting held on September 11, 2013, and in fact, was not made aware of any Employee Improvement Plan until he received documents responsive to an open records request from the Equal Employment Opportunity Commission on or about February 17, 2015.

12.    After suffering the grievous injuries, and pursuing workers' compensation benefits, the Plaintiff received a 6 month employee review with Yeager on or about December 12, 2013. This was his first employee review since starting his employment in December 2012. The review

3

was positive except for a "Needs Improvement" in the "Interpersonal Relationships/Leadership Ability" section. Despite being reviewed as performing his job duties satisfactorily in five of six categories, he was given an overall score relative to "needs improvement." During this review the Plaintiff and Yeager discussed the Plaintiff's condition, and the Plaintiff informed Yeager he was told by his doctor it could take up to a year to recover from his injuries such that he could return to a full work schedule. This information clearly surprised and concerned Yeager. The Plaintiff had bilateral shoulder surgery scheduled in January 2015, of which the Defendants were aware. The Plaintiff's last day of work was January 8, 2015. Between December 12, 2014 and the date of Plaintiff's termination from employment on February 7, 2015 the Plaintiff was never counseled, disciplined, informed his work was subpar, or informed he was not performing as expected.

13.     Mere months after the Plaintiff suffered the grievous injuries, and pursued workers' compensation benefits, Yeager and Sims engaged in a conspiracy with the desired goal of terminating the Plaintiff's employment with the Defendant City of Covington. The Plaintiff was made aware that Yeager and/or Sims were going to attempt to convince the Covington Board of Commissioners ("the Board") to terminate the Plaintiff's employment at the February 5, 2013 meeting of the Board. The Plaintiff's employment was not terminated at the February 5, 2014 Board meeting. Yeager and/or Sims then escalated the conspiracy to end the Plaintiff's employment. In an email to Plaintiff's co-workers, Sims explicitly asked them to provide negative "personal testimonials" to compile in preparation for the next meeting of the Covington Board of Commissioners to be presented in order to terminate the Plaintiff's employment.

14.     Upon information and belief, the Plaintiff was replaced by an individual that does not suffer from a disability.

4

15.     The Plaintiff filed a formal charge of discrimination with the Equal Employment Opportunity Commission on February 7, 2014. He received his Right To Sue letter on January 21, 2015.

## COUNT I

### (DISABILITY DISCRIMINATION)

The Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:

16.     Defendant City of Covington discriminated against the Plaintiff because of an actual or perceived disability, and regarded the Plaintiff as disabled, in violation of 42 U.S.C. §12101, *et seq.*, the Americans with Disabilities Act of 1990, as amended ("ADA"), and K.R.S. §344.010, *et seq.*, the Kentucky Civil Rights Act ("KCRA").

17.     As a proximate result of the Defendant's actions as set forth above the Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of income, benefits, and other valuable job rights. Plaintiff has suffered from and continues to suffer from emotional distress all for which he should be compensated. He is also entitled to punitive damages in this instance as the Defendant acted with malice or reckless indifference to the Plaintiff's rights protected under the ADA.

## COUNT II

### (VIOLATION OF K.R.S. §344.280)

The Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:

18.     Defendants Yeager and Sims were instrumental in convincing the Covington Board of Commissioners to terminate the Plaintiff's employment.

5

19.     Their actions aided, abetted, incited, compelled, and/or coerced Defendant City of Covington to violate the Plaintiff's civil rights by discriminating against him because of an actual or perceived disability, or regarding him as being disabled.

20.     As a proximate result of the Defendants' actions as set forth above the Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of income, benefits, and other valuable job rights.  Plaintiff has suffered from and continues to suffer from emotional distress all for which he should be compensated.

## COUNT III

### (VIOLATION OF K.R.S. §342.197)

The Plaintiff incorporates by reference all preceding paragraphs and further alleges as follows:

21.     In addition to illegally discriminating against the Plaintiff because of an actual or perceived disability, or regarding him as being disabled, the Defendants discharged the Plaintiff from employment as the result of pursuing and receiving Kentucky workers compensation benefits.

22.     As a proximate result of the Defendants' actions as set forth above the Plaintiff has suffered and continues to suffer irreparable harm, including but not limited to loss of income, benefits, and other valuable job rights.  Plaintiff has suffered from and continues to suffer from emotional distress all for which he should be compensated.

**WHEREFORE**, the Plaintiff requests:

1.     Trial by jury of all issues so triable;

2.     An award of compensatory and punitive damages against the Defendants in amounts to be proven at trial;

6

3.     Job reinstatement;

4.     Recovery of his costs, including reasonable attorney fees, under 42 U.S.C. § 1988,

K.R.S. §344.450, and K.R.S. §342.197;  and

5.     All other relief to which he may be entitled.

Respectfully submitted,

ANTON WEISSMANN
P.O. Box 396
Franklin, OH 45005
Pro Se Plaintiff
937-397-3499

7